UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROGER HARPER WEIL,

       Petitioner,

v.                                             Case No. 1:07-cv-401
                                                 Hon. Robert J. Jonker

CAROL HOWES,

       Respondent.
                                         /

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.**        **Background**

On February 21, 2006, petitioner entered guilty pleas in two criminal actions filed in the Muskegon County Circuit Court. Plea Trans. at pp. 6-10 (docket no. 13). In file no. 06-52685 FH ("file no. 685"), petitioner pled guilty to committing larceny in a school, contrary to M.C.L. § 750.360, when he stole shoes on December 19, 2005. *Id.*; Judgment of Sentence (docket no. 15). In file no. 06-52686 FH ("file no. 686"), petitioner pled guilty to a separate incident of larceny in a school, when he stole "shoes and/or money" on November 7, 2005. *Id.* At the plea hearing, petitioner admitted that he was a fourth habitual offender, M.C.L. § 769.12, having committed previous felonies in 1997, 2002 and 2003. *Id.* at pp. 6-8. Pursuant to a *Cobbs*

agreement,[1] the court agreed to cap the minimum sentence at 34 months based upon projected sentencing guidelines range of zero to 34 months. *Id.* at pp. 3, 10.

At the sentencing on March 28, 2006, the prosecutor noted that petitioner had eight prior felonies and eight prior misdemeanors. Sent. Trans. at pp. 5-6. In file no. 685, the court sentenced petitioner to a prison term of 34 months to 15 years, with $120 of costs and fees. *Id.* at p. 6. In file no. 686, the court sentenced petitioner to serve a current sentence of 34 months to 15 years, with $120 of costs and fees. *Id.* at pp. 6-7. The court determined that the concurrent sentences would run consecutive to the sentences issued in two other cases, identified as file nos. 02-3566 and 02-17984. *Id.* at p. 7. The court further determined that petitioner was not entitled to any credit because he was on parole when he committed these two offenses. *Id.*

Petitioner, through counsel, raised the following issues in his delayed application for leave to appeal to the Michigan Court of Appeals:

> I. Did the trial court unlawfully deprive [petitioner] of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it denied him any jail credit against his current sentences?
>
> II. Did the trial court violate the United States and Michigan Constitutions and reversibly [err] in sentencing [petitioner] to concurrent prison terms of 34 months to 15 years on the habitual offender 4th supplements arising out of the two larceny in a building convictions?

*See People v. Roger Harper Weil*, No. 273415 (Mich. App.) (docket no. 15). In an order entered November 1, 2006, the Michigan Court of Appeals denied the delayed application for lack of merit

---

[1] A "*Cobbs* agreement" refers to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), in which "the Michigan Supreme Court authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247 Fed.Appx. 701, 703, fn. 1 (6th Cir. 2007).

in the grounds presented. *Id.* Petitioner, through counsel, raised the same two grounds in his application for leave to appeal to the Michigan Supreme Court, which that court denied. *People v. Roger Harper Weil*, No. 132788 (Mich. March 26, 2007) (docket no. 16).[2]

Weil subsequently filed a petition for habeas corpus in this court, raising the following grounds:

> I.  Denial of due process and equal protection when the trial court denied [petitioner] any jail credit against his current sentences.
>
> II. Inaccurate sentencing information resulting in enhances sentence and failure to consider/evaluate [petitioner's] mental illness essential to sentencing.

*See* docket no. 1.

**II.  Standard of review under 28 U.S.C. § 2254**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement with respect to the habeas claims.[3]

---

[2] Markman, J., disagreed with the majority, stating that he would grant leave to appeal.

[3] The court notes that petitioner's appellate counsel raised a number of claims in the applications for leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. To the extent that any particular claim may appear to be unexhausted, the court has exercised its discretion to address the merits of those claims. See 28 U.S.C. § 2254(b)(2).

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

4

### III. Discussion

#### A. Credit for jail time served (Issue I)

Petitioner contends that the trial court's failure to give him credit for approximately 90 days spent in jail prior to sentencing violates his due process and equal protection rights under the Fifth, Ninth and Fourteenth Amendments, because his right to receive jail credits is "inherent to his liberty interests." *See* Memorandum of Law at pp. 3-5 (docket no. 2). Petitioner relies M.C.L. § 769.11b, which provides that:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

M.C.L. § 769.11b is part of a statutory scheme used to compute the length of a prisoner's sentence, by allowing a credit for time served under particular circumstances. *See People v. Harvey*, 11 Mich. App. 69, 82-83, 160 N.W.2d 629 (1968). While M.C.L. § 769.11b grants credit for a parolee who is denied or unable to furnish a bond, this provision does not apply to a parolee because "bond is neither set nor denied when a defendant is held in jail on a parole detainer." *People v. Seiders*, 262 Mich. App. 702, 707, 686 N.W.2d 821 (2004). In *People v. Stead*, 270 Mich. App. 550, 716 N.W.2d 324 (2006) court summarized the reasons why a parolee is not entitled to credit for time served while awaiting trial on a new criminal offense:

> When a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense." *People v. Seiders*, 262 Mich.App. 702, 705, 686 N.W.2d 821 (2004). Instead, a parole detainee convicted of a new offense is entitled to have jail credit applied exclusively to the sentence from which parole was granted. *Id.* Credit is not available to a parole detainee for time spent in jail attendant to a new offense because "bond is neither set nor denied when a defendant is held in jail on a parole detainer." *Id.* at 707, 686 N.W.2d 821.

5

*Stead*, 270 Mich. App. at 551-52.

Here, petitioner was on parole when he committed the offenses. Following his arrest, petitioner and was returned to the Michigan Department of Corrections (MDOC) as a parole violator and placed on a parole detainer. *See* trial court docket sheets (docket nos. 12 and 13); Presentence Investigation Report (PSIR) (docket no. 16). Because petitioner was on parole at the time he committed the present offenses, he is not entitled to credit for time served awaiting trial under Michigan law. *See Stead*, 270 Mich. App. at 551-52; *Seiders*, 262 Mich. App. at 705, 707.

Petitioner's claim that the trial court erred by failing to give him credit for time served before sentencing is not cognizable on federal habeas review. This court's habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal courts performing habeas review do not act as "super-appellate state courts." *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Even if the trial court had reached an erroneous decision on this issue, federal habeas corpus relief does not lie for an error in computing a prisoner's sentence under state law. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) ("[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (the actual computation of a prison term involves a matter of state law that is not cognizable under § 2254); *Austin v. Jackson,* 213 F.3d

298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

Petitioner's reference to the alleged error as a violation of the due process clause or the equal protection clause does not transform this state sentencing issue into a federal claim. *See, e.g., Austin*, 213 F.3d at 301(in rejecting petitioner's claim that the trial court's departure from the sentencing guidelines violated his federal due process rights during sentencing, the court noted that petitioner failed "to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses," and was "unable to substantiate a single violation of any of his constitutional guarantees to due process"); Norwood v. Bell, No. 1:06-cv-429, 2009 WL 1525989 at *6 (W.D. Mich. June 1, 2009); *Felicetty v. Bianco*, No. Civ. A. 02-585-JJF, 2003 WL 21402544 at *6 (D. Del. June 10, 2003) (observing that a state court's sentencing decision is generally not constitutionally cognizable, even if the claim is couched in terms of a due process violation). Furthermore, "[a] prisoner has no right under the federal constitution to earn or receive sentencing credits." *Grays v. Lafler*, 618 F.Supp.2d 736, 747 (W.D. Mich. 2008). *See, e.g., Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992) ("[t]he United States Supreme Court has held that inmates have no inherent constitutional right to good time credit"), citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). For these reasons, petitioner's claim should be denied.

### B. Inaccurate sentencing information and the court's failure to consider petitioner's mental illness (Issue II)

Petitioner contends that the trial court based his sentence on "inaccurate sentencing information" and overlooked his substantial mental illness.

7

### 1. Inaccurate sentencing information

Defendants have a federal due process right to a sentence based upon accurate information. *United States v. Tucker*, 404 U.S. 443, 447(1972) ("we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude"); *Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("[i]t is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process"). "To demonstrate a due process violation 'the defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence.'" *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002), quoting *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir.1992) (emphasis deleted) and *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir.1990)). The evidence relied upon at sentencing can pass the due process requirement provided that it bears "some minimal indicia of reliability." *Robinson*, 898 F.2d at 1115.

Petitioner contends that the trial court based his sentence on inaccurate information because it failed to consider his extensive mental illness, his remorse and his rehabilitative potential. Memorandum of Law at pp. 6-8. While petitioner has listed some factors that a sentencing court might consider, he has failed to identify any "materially false or unreliable" evidence that served as the basis for his sentence. For this reason alone, his claim is without merit. *See Jones*, 40 Fed. Appx. at 17; *Silverman*, 976 F.2d at 1512; and *Robinson*, 898 F.2d at 1115-16.

A Presentence Investigation Report (PSIR) was prepared and discussed at the sentencing. *See* PSIR; Sent. Trans. at pp. 3-5. The PSIR included a comprehensive review of the current offenses, petitioner's extensive criminal history and the fact that petitioner has been in mental counseling "on and off" since approximately 1975. *See* PSIR. Neither petitioner nor his counsel had any additions or corrections to the report. Sent. Trans. at pp. 3-5. Petitioner's counsel asked the court to consider petitioner's "very bizarre" conduct in sentencing and asked the court to recommend mental health treatment. Sent. Trans. at pp. 4-5.[4] At the sentencing, petitioner told the court that he took full responsibility for his actions, that he was very sorry for his actions, that he has "a lot of mental problems that need to be addressed . . . in prison and while on parole," and that he hoped the judge would recommend alcohol treatment. *Id.* at p. 5. The court agreed that petitioner was "definitely in need of some mental health treatment, as well as substance abuse counseling." *Id.* at p. 6. The court's consideration of petitioner's mental health condition was reflected in the judgment of sentence in case no. 686, which specifically recommended "mental health and substance abuse treatment." Judgment of Sentence (docket no. 16).

Petitioner has failed to establish that his sentence was in any way based upon inaccurate, materially unreliable or false information. Indeed, the court recommended mental health and substance abuse treatment as requested by petitioner and his counsel. Accordingly, this claim should be denied.

---

[4] The prosecutor described petitioner's criminal conduct as "repeatedly entering schools and stealing shoes for what can only be described as deviant purposes." Sent. Trans. at p. 6.

### 2. Petitioner's other sentencing claims

The issue discussed in § III.B.1 is the only sentencing issue explicitly raised as a ground for relief in the habeas petition. However, the petition appears to incorporate various arguments raised in his applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court.[5] Accordingly, the court will address these additional issues.

#### a. State law claims

Petitioner's assorted state law claims dispute the trial court's application of the various state statutes used to compute his sentence. *See* Applications for Leave to Appeal (docket nos. 15 and 16). As previously discussed, claims that the trial court improperly computed a sentence under state law is not cognizable on federal habeas review. *See Howard*, 76 Fed. Appx. at 53; *Kipen*, 65 Fed. Appx. at 959; and *Austin,* 213 F.3d at 300. Accordingly, these claims should be denied.

#### b. Eighth Amendment claim

Petitioner contends that his sentence violates the Eight Amendment's proscription against cruel and unusual punishment. The Sixth Circuit has adopted the "narrow proportionality principle" articulated in Justice Kennedy's opinion in *Harmelin v. Michigan*, 501 U.S. 957, 996-1009 (1991) (Kennedy, J., concurring). *See United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009).[6] "Under this approach, there is no requirement of strict proportionality; the eighth

---

[5] The court notes that the original petition, with attachments, was over 100 pages long.

[6] In *Jones*, the Sixth Circuit distanced itself from a previous decision which appeared to restrict the application of a proportionality analysis:

> Although we have suggested in dicta that "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole," *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir.1995),

amendment is offended only by an extreme disparity between crime and sentence." *Id.*, quoting *United States v. Hopper*, 941 F.2d 419, 423 6th Cir. 1991). Although the Supreme Court has "not established a clear or consistent path for courts to follow" in determining whether a particular sentence for a term of years violates the Eighth Amendment, that court has concluded that "[t]hrough this thicket of Eighth Amendment jurisprudence, one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

The sentence imposed by the Muskegon County Circuit Court is not contrary to the Cruel and Unusual Punishments Clause of the Eighth Amendment under the gross disproportionality principle. Petitioner was given a sentence of 34 months to 15 years, and therefore will be eligible for parole after serving his minimum sentence, less any applicable disciplinary and good-time credits. *See* M.C.L. § 791.233b. The PSIR noted that petitioner's criminal career began in 1969 and included convictions for: shoplifting and grand larceny in Florida; tampering with private property in a National Park; possession of stolen property; attempted larceny from a motor vehicle; and a number of larceny convictions. Due to his extensive criminal record, which included eight prior felonies and eight prior misdemeanors, the trial court could exercise its discretion to issue an enhanced sentence of up to 15 years imprisonment under the fourth habitual offender statute, M.C.L.

---

Justice Kennedy's opinion in *Harmelin* recognized the possibility that proportionality review could apply to invalidate a sentence for a term of years, 501 U.S. at 997-98, 111 S.Ct. 2680 (Kennedy, J., concurring).

*Jones*, 569 F.3d at 573, fn. 2.

§ 769.12.[7] Under these circumstances, petitioner's sentence of 34 months to 15 years can hardly be said to present an "extreme disparity between crime and sentence." *See Jones*, 569 F.3d at 573.

### c. *Blakely* claim

Finally, petitioner contends that his sentence is invalid because the judge enhanced petitioner's sentence based upon his own finding rather than an admission by petitioner or a jury determination in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* involved the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the State of Washington's mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court held that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely*, 542 U.S. at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's contention is without merit. This court has rejected similar claims on the ground that the rules announced in *Apprendi* and *Blakely* do not apply to sentences issued by Michigan courts under the state's indeterminate sentencing scheme. *See, e.g., Green v. Lafler*, No. 1:08-cv-358, 2010 WL 161002 (W.D. Mich. Jan. 8, 2010); *Tafil v. Burt*, No. 1:08-cv-590, 2009 WL 4908531 (W.D. Mich. Dec. 11, 2009); *Tillman v. Howes*, No. 1:06-cv-100, 2008 WL 4286065 (W.D. Mich. Sept. 12, 2008). The Sixth Circuit has recently reached the same conclusion. *See Montes v.*

---

[7] It appears that petitioner was sentenced under M.C.L. § 769.12(1)(b), which provides that where the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term that is less than 5 years, the court may sentence the individual to imprisonment for a maximum term of not more than 15 years.

*Trombley*, 599 F.3d 490, 497 (6th Cir. 2010) (Michigan's indeterminate sentencing scheme "does not violate [the criminal defendant's] due process rights or his right to a jury trial" under *Blakely*); *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum). Accordingly, petitioner is not entitled to federal habeas relief on his *Blakely* claim.

### IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: July 19, 2010
/s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).